# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Delemas C. Warren,<br><br>　　　　　Plaintiff,<br>v.<br><br>RJM Acquisitions, LLC, a New York Company; and Jamie Rozansky, individually, and as an officer of RJM Acquisitions, LLC,<br><br>　　　　　Defendants. | CIV 11-376 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the court is the defendant's motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6). (Doc. 15)

　　　　The defendant in this case, RJM, is a debt collector. RJM tried to collect from the plaintiff, Warren, a debt originally created when Warren overdrew his account at Compass bank. Warren claims the defendants' collection attempts violated (1)(a) the Arizona Collection Agency Statute, (b) the Statute of Frauds, (c) the Uniform Commercial Code; (2) the Fair Debt Collection Practices Act; (3) the Fair Credit Reporting Act; (4) Regulation Z of the Consumer Credit Protection Act; (5) the Graham-Leach-Biley Act; and (6) the Federal Trade Commission Act. He further claims the defendants' conduct constituted (7) intention infliction of emotional distress. The defendants move that this court dismiss counts 1, 4, 5, and 6 of the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6).

　　　　The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2.

1  The motion should be granted. There is no private right of action for a violation of the 2 Arizona Collection Agency Statutes. There is likewise no private right of action for a violation 3 of the Graham-Leach-Biley Act and the Federal Trade Commission Act. Regulation Z only 4 applies to creditors, which the defendants are not. The Statute of Frauds and the Uniform 5 Commercial Code do not supply a cause of action here.

Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). To be legally sufficient, the claim must allege both a legally cognizable theory of relief and sufficient factual allegations in support of that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

DISCUSSION

In count (1)(a), Warren claims the defendants violated the Arizona Collection Agency Statute , A.R.S. § 32-1055(A), by conducting debt collection activities without a license. (Doc. 6, p. 3) Arizona law, however, states that all violations of the Collection Agency Statute shall be enforced by the "prosecuting officer of [the] county or city" where the violation occurred. *Sparlin v. Select Portfolio Servicing, Inc.*, 2012 WL 527486, 14 (D.Ariz. 2012) (quoting A.R.S. § 32-1053). There is, therefore, no private right of action for a violation of the Arizona Collection Agency Statutes. *Id.*

- 2 -

In count (1)(b), Warren claims the defendants attempted to collect a debt without showing ownership of a "contract, receipt, or bill of sale" in violation of the Statute of Frauds, A.R.S. § 47-2201(A). (Doc. 6, p. 3) Warren misunderstands the statute. The Arizona Statute of Frauds states that "a contract for sale of goods for the price of five hundred dollars or more" is not enforceable absent a writing. A.R.S. § 47-2201(A). The Statute of Frauds is therefore an affirmative defense to an action attempting to enforce a contract. *See* Fed.R.Civ.P.8(c)(1). It does not constitute a cause of action all by itself. *Guillory v. WFS Financial, Inc.*, 2007 WL 879017, 6 (N.D.Cal. 2007) (holding that a violation of the Statute of Frauds does not create an independent cause of action).

In count (1)(c), Warren claims the defendants attempted to collect a debt without showing ownership of a "contract, bill of sale, or receipt" in violation the Uniform Commercial Code, A.R.S. § 47-3203 (A-D). (Doc. 6, p. 3) Warren misunderstands the statute. The Uniform Commercial Code, A.R.S. 47-3203 (A-D), explains how negotiable instruments are transferred. It does not create a cause of action in favor of the third party debtor if collection activities are pursued absent proof of a proper transfer. *See also Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D.Ariz. 2009) (UCC chapter pertaining to negotiable instruments had no application where the plaintiff argued the defendants must produce the original mortgage note before foreclosure.); *Gordon v. Duncan*, 2010 WL 1462555, 7 (D.Or. 2010).

In count (4), Warren claims the defendant's collection activities violated Regulation Z of the Consumer Credit Protection Act, specifically 12 C.F.R. § 226.13(g)(4)(i-iii), by reporting his account as delinquent to Experian without noting that the account was in dispute. (Doc. 6, p. 5)

Section 226.13(g) regulates a creditor's rights and duties after a credit dispute. Section 226.13(g)(4) specifies that a creditor may report a disputed account as delinquent only after taking certain specified steps designed to protect the consumer's rights.

Section 226.13(g), however, only applies to "creditors," which are defined as persons who extend consumer credit, issue credit cards, or honor credit cards. 12 C.F.R. § 226.2(17); 15 U.S.C. § 1602(g).   RJM does none of these things. RJM is therefore not a creditor, and Regulation Z does not support a cause of action here.

In count (5), Warren claims the defendants' collection activities violated the Graham-Leach-Biley Act, 15 U.S.C. § 6801, et seq. (Doc. 6, p. 6)  Unfortunately, there is no private right of action for a violation of that Act. *Dunmire v. Morgan Stanley DW, Inc*., 475 F.3d 956, 960 (8th Cir. 2007); *Azeltine v. Bank of America*, 2011 WL 7272309 (D.Ariz. 2011).

In count (6), Warren claims the defendants' collection activities violated the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). (Doc. 6, pp. 6-7)  Unfortunately, there is no private right of action for a violation of that Act. *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *Kane v. Bosco*, 2010 WL 4879177, 10 (D.Ariz. 2010).

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the defendants' motion to dismiss counts 1, 4, 5, and 6 of the amended complaint pursuant to Fed.R.Civ.P 12(b)(6). (Doc. 15).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 26th day of March, 2012.

/s/ Glenda E. Edmonds
Glenda E. Edmonds
United States Magistrate Judge